IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mario Alberto Simbaqueba, :

     Plaintiff, :

  v. :    Case No. 2:11-cv-62

United States Department :    JUDGE GEORGE C. SMITH
of Defense,    Magistrate Judge Kemp
:
     Defendant.

ORDER

    This matter is before the Court on its own motion to clarify the record in this case.

## I. Background

    Plaintiff, Mario Alberto Simbaqueba, brought this action against Defendant, United States Department of Defense ("DoD"), to compel compliance with the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"). On October 13, 2011, this Court ordered (Doc. #17) Mr. Simbaqueba to respond to the DoD's Motion for Summary Judgment (Doc. #13) within 21 days. Mr. Simbaqueba did not respond by that deadline.

    On February 29, 2012, Mr. Simbaqueba sent to the U.S. Attorneys' Office in Columbus, Ohio a motion requesting an extension of time in which to file a response in opposition to the DoD's motion for summary judgment along with a declaration supporting that motion. Although the certificate of service states that the motion was mailed to the Clerk of Courts, the address on the certificate was for the U.S. Attorneys' Office. The U.S. Attorneys' Office has recently brought these documents to this Court's attention.

    Judge Smith addressed the summary judgment motion on the merits without response from Mr. Simbaqueba on March 14, 2012.

(Doc. #19).  Summary judgment was granted to the DoD.

On March 16, 2012, Mr. Simbaqueba filed a "motion for continuance to permit discovery pursuant to Fed. R. Civ. P. 56(d)."  (Doc. # 20).  In the motion, he cites a number of cases discussing discovery under the FOIA.  The DoD responded to this motion on March 19, 2012. (Doc. #21).  On March 26, 2012, Mr. Simbaqueba filed a notice of appeal as to the order on the motion for summary judgment.  (Doc. #22).  This Court will now attempt to clarify the record in this case.

## II. Discussion

Mr. Simbaqueba's "motion for continuance to permit discovery" (Doc. #20) effectively asks this Court to open discovery in this case so that he can respond to the DoD's motion for summary judgment.  The motion for summary judgment has already been decided, and so this Court will construe Mr. Simbaqueba's request as a motion for reconsideration under Fed. R. Civ. P. 59(e), also known as a motion to alter or amend a judgment. See Moody v. Pepsi-Cola Metropolitan Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990).  "The purpose of a motion to alter or amend judgment is to correct manifest errors of fact or law." Romero-Vargas v. Shalala, 907 F.Supp. 1128, 1135 (N.D. Ohio 1995).  "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'"  McConocha v. Blue Cross and Blue Shield Mut. of Ohio, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996)(quoting In re August, 854 F. Supp. 1403, 1407-1408 (S.D. Ind. 1994)).

This Court understands that Mr. Simbaqueba intended to file with this Court his February 29 motion asking for an extension of

2

time in which to file his opposition to the motion for summary judgment, but mistakenly sent it to the U.S. Attorneys' office instead.  Therefore, Mr. Simbaqueba is ordered to file this motion for extension of time along with the declaration supporting it with this Court within 21 days from the date of this order.  Mr. Simbaqueba is further ordered to file any additional documentation that would support his motion for reconsideration within 21 days as well. The DoD will then have an opportunity to respond to those filings within 14 days.

Mr. Simbaqueba has also filed a notice to appeal. (Doc. #22).  But a timely filed motion for reconsideration under Rule 59(e) tolls the running of the appeal period because it operates to suspend the finality of the judgment, pending the Court's further determination whether the judgment should be modified.  See Fed. Rules App. Proc. R. 4(a)(4)(A); Miltimore Sales, Inc. v. Int'l Rectifier, Inc., 412 F.3d 685, 688 (6th Cir. 2005).  Therefore,  Mr. Simbaqueba's notice of appeal is premature.

Finally, Mr. Simbaqueba's request for discovery is denied at this time based on the current record.  FOIA claims are "typically resolved without discovery on the basis of the agency's affidavits."  CareToLive v. FDA, 631 F.3d 336, 345 (6th Cir. 2011) citing Rugiero v. United States DOJ, 257 F.3d 534, 544 (6th Cir. 2001); Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994).  If the agency establishes that it has conducted a reasonable search, then the requestor must make a "showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations," or provide some other evidence why summary judgment is inappropriate.  Carney, 19 F.3d at 812; CareToLive, 631 F.3d at 345.  Discovery will not be permitted simply because a requestor hopes to find additional documents or because the requestor believes that the agency is withholding information.  CareToLive, 631 F.3d at 345.  Mr.

Simbaqueba, while citing to numerous legal opinions, has not cited any facts in this case sufficient to warrant discovery at this time.  Therefore, his request for discovery is denied.

### III. Conclusion

　　Mr. Simbaqueba is ordered to file his February 29 motion asking for an extension of time in which to file his opposition to the motion for summary judgment along with his declaration supporting that motion with this Court within 21 days from the date of this order.  He is further ordered to file any additional documentation that would support his motion for reconsideration at that time as well.  The DoD will have 14 days from the date of those filings to reply. Mr. Simbaqueba's request for discovery is denied.

　　　　　　　　　　　　　　　　/s/ Terence P. Kemp
　　　　　　　　　　　　　　　　United States Magistrate Judge