IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Mario Alberto Simbaqueba,** :

    **Plaintiff,** : Case No. 2:11-cv-62

  **v.** : Judge George C. Smith

**United States Department** : Magistrate Judge Kemp
**of Defense,**
                                         :

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's "Supplement to Nun[c]-Pro-Tunc Motion for Continuance to Permit Discovery Pursuant to Fed. R. Civ. P. 56(d)" (Doc. 20), which the Court has construed as a motion for reconsideration of its Order granting Defendant's motion for summary judgment. That motion has been briefed and supplemented in a somewhat confusing manner, which is described more fully below. For the reasons set forth below, Plaintiff's motion for reconsideration (Doc. 20) and additional motions seeking the same relief (Docs. 23 & 26) are denied. Plaintiff's motion to clarify the Court's order (Doc. 25) is denied as moot.

## I. BACKGROUND

Plaintiff Mario Alberto Simbaqueba brought this action against Defendant United States Department of Defense ("DoD") to compel compliance with the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"). On June 6, 2011, the United States Department of Defense ("DoD") filed a motion for summary judgment. Instead of responding, Mr. Simbaqueba filed a motion to compel, which was fully briefed, and which the Court denied on October 13, 2011. In its order denying the motion to compel, the Court ordered Mr. Simbaqueba to file his response to the motion for summary judgment within twenty-one days. Mr. Simbaqueba did not respond by that deadline.

On January 9, 2012, Mr. Simbaqueba filed a notice of change of address. On February 27, 2012, Mr. Simbaqueba mailed a "Motion for a Nunc-Pro-Tunc Order Enlarging the Time in W[h]ich to File a Response in Opposition to Defendant's Motion for Summary Judgment" to the

DoD but did not file the motion with the Court. That motion sought an extension until March 14, 2012. On March 14, 2012, without having received the motion for enlargement of time or a response to the motion for summary judgment, the Court granted the motion for summary judgment.

On March 16, 2012, Mr. Simbaqueba filed a supplement to his motion for enlargement of time in which he sought discovery (Doc. 20), and the DoD opposed his request for discovery (Doc. 21). On March 29, 2012, this Court issued an order to clarify the record (Doc. 24), and in its order the Court denied Mr. Simbaqueba's request for discovery in his supplement to his motion for enlargement of time. The same order construed the remainder of Mr. Simbaqueba's supplement as a motion for reconsideration under Federal Rule of Civil Procedure 59(e), also known as a motion to alter or amend a judgment. The Court also ordered Mr. Simbaqueba to file the motion for an enlargement of time that he mailed to the DoD but never filed, along with any additional documentation that would support his motion for reconsideration.

Mr. Simbaqueba never filed his motion for enlargement of time. However, the DoD attached that motion to its reply brief as Exhibit 1 (Doc. 27-1). In addition, Mr. Simbaqueba has filed the following documents: a motion to alter or amend decision and judgment (Doc. 23), a motion for clarification (Doc. 25), and a motion for extension of time in which to file an opposition to defendant's motion for summary judgment (Doc. 26). The motion to alter or amend decision and judgment (Doc. 23) seeks reconsideration of the summary judgment in DoD's favor, and the Court will consider this motion in conjunction with the earlier motion that was deemed to be a motion for reconsideration (Doc. 20). The motion for clarification (Doc. 25) sought clarification of whether Mr. Simbaqueba needed to file his February 29, 2012 motion and declaration in support thereof. Since that motion was attached to the DoD's reply to plaintiff's motion for an extension of time (Doc. 27-1), the motion for clarification is moot. The motion for an extension of time (Doc. 26) incorporates the other filings mentioned in this paragraph along with a protective order that Mr. Simbaqueba argues is relevant to whether the DoD properly invoked Exemption 3. Accordingly, the court will also consider that motion (Doc. 26) in conjunction with the earlier motion that was deemed to be a motion for reconsideration (Doc. 20). The Court has considered all of the foregoing, along with the DoD's reply, in ruling on Mr.

Simbaqueba's motion for reconsideration.

## II. LEGAL STANDARD

Motions to reconsider, alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Turcar, LLC v. I.R.S.*, 451 F. Appx. 509, 516 (6th Cir. 2011) (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted)).

## III. DISCUSSION

Mr. Simbaqueba's motion for reconsideration and affiliated filings offer belated legal arguments in opposition to summary judgment and also seek leave to conduct discovery.

First, Mr. Simbaqueba argues that, because he was transferred from one detention center to another shortly before the deadline for responding to the motion for summary judgment, he was unable to file a timely opposition brief and should be permitted to make additional legal arguments in order to prevent manifest injustice. (Doc. 23.) Four months after his response to the motion for summary judgment was due, Mr. Simbaqueba completed a motion for an extension of time nunc pro tunc, which he inadvertently mailed to the DoD without mailing a copy to the Court. (*Id*. at 2-3 (referring to Doc. 27-1).) In his declaration that he provided in support of that motion, he averred that he did not have access to his legal materials for some period of time after the transfer and that he was "still receiving this materials [sic] that are <u>essential</u> to draft the opposition and the potential cross motion for summary Judgment." (Doc. 27-1, ¶¶ 1-4.) He stated that he was in the process of "getting declarations to show that DOD did not perform an adequate search for the records that plaintiff requested" and also that a declaration from the Department of Justice became available on February 9, 2012. (*Id*. at ¶¶ 6-7.) These circumstances should not have prevented him from filing a timely motion for an extension of time. Mr. Simbaqueba's unfiled February 29, 2012 motion for extension was mailed to the DoD several months after the deadline set by the Court for Mr. Simbaqueba's opposition brief. In addition, manifest injustice will be prevented here because the Court is treating Mr. Simbaqueba's supplement to the motion for a continuance as a motion for reconsideration. In doing so, the Court has ordered Mr. Simbaqueba to file the February 29, 2012 motion for extension as well as

3

"any additional documentation that would support his motion for reconsideration." The Court will now consider the full record in order to determine whether Mr. Simbaqueba's belated legal arguments demonstrate a clear error of law, whether the new declaration should change the outcome of the motion for summary judgment, and whether the additional filings justify granting his request for discovery.

Mr. Simbaqueba's first legal argument is that the exemptions claimed by DoD do not apply. (Doc. 23.) In granting summary judgment, the Court held that all of the records that had been redacted before being made available or that were withheld in their entirety were appropriately withheld or limited pursuant to Exemption 7(A) of the FOIA. Accordingly, the Court will turn to Mr. Simbaqueba's argument as to Exemption 7(A). If his argument as to Exemption 7(A) fails, there is no need to consider his argument as to the remaining Exemptions.

Exemption 7(A), provides in relevant part as follows:

> (b) This section does not apply to matters that are--
> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings . . . .

5 U.S.C.A. §552(b)(7). Mr. Simbaqueba "concedes that DoD has satisfied their burden of showing that the proceeding is pending or at least reasonably anticipated." (Doc. 23 at 15.) However, he argues that DoD failed to demonstrate that the investigatory records at issue would interfere with a pending enforcement proceeding. (*Id*.) Specifically, he argues that the DoD made "conclusory, boiler plate statements, without reference to specific documents," failed to determine what specific harm would result if the records were released, improperly withheld all records in an ongoing investigation under the exemption, and failed to show how records pertaining to Mr. Simbaqueba will interfere with investigation or prosecution of the person indicted as his co-conspirator. (*Id*. at 16.) None of these arguments point to a clear error of law. As the Court stated in its opinion, the DoD need not justify its withholdings on a document-by-document basis but rather can use categorical determinations so long as they are sufficiently specific to permit the Court to "make a reasoned, independent assessment" of the applicability of Exemption 7(A). *Vaughn v. United States*, 936 F.2d 862, 867-68 (6th Cir. 1991). The Court

4

determined that the DoD declaration was specific enough to satisfy that requirement and detailed the particular harms for each category. In fact, several of the harms detailed by the DoD were ones that the Court of Appeals has recognized as potentially interfering with investigation or prosecution. *Dickerson v. Department of Justice*, 992 F.2d 1426, 1433 (6th Cir. 1993). Accordingly, that argument is meritless.

In connection with Mr. Simbaqueba's argument concerning Exemption 7(A), the Court will briefly consider the declaration of the Department of Justice that Mr. Simbaqueba attached to his declaration in support of his February 29, 2012 motion for nunc-pro-tunc order for an extension of time and that he described as "material to oppos[ing] the FOIA exemption claimed by the government in this case." (Doc. 27-1.) In that declaration, the FOIA attorney for the Department of Justice ("DOJ"), Criminal Division ("CRM") set forth the twelve types of information that Mr. Simbaqueba requested in his FOIA request and explained that the FOIA / Privacy Act Unit informed him that there were responsive documents that were exempt from disclosure pursuant to several exemptions including Exemption 7(A) because the records related to an open and on-going law enforcement proceeding. The FOIA attorney also summarizes the proceedings relating to Mr. Simbaqueba's appeal of the non-disclosure of those records. The FOIA attorney ends the declaration by stating, "[t]he legal matter of *United States v. Simbaqueba, et al.*, has been adjudicated. Based upon the foregoing, Plaintiff could submit a new FOIA request and we would consider it based upon the current status of his criminal case." Mr. Simbaqueba does not explain the relevance of this declaration to the present case. Perhaps he wished the Court to take note of the final sentence of the declaration indicating that Exemption 7(A) might no longer apply after the conclusion of his criminal case. However, the DoD here has not invoked Exemption 7(A) based on the status of Plaintiff's criminal case but rather based on the status of the investigation and expected prosecution of the individual indicted as his co-conspirator. Accordingly, nothing in the DOJ declaration persuades the Court that there was any clear error of law in its grant of summary judgment.

Mr. Simbaqueba's second legal argument is that the DoD failed to make an adequate search for responsive records. He argues that the DoD should have searched records maintained by DoD components other than Defense Criminal Investigative Service ("DCIS"). This argument

5

fails for two reasons. First, Mr. Simbaqueba addressed his request to DCIS. Second, as the Court explained in its Opinion, the DoD provided evidence that "DCIS is the only DoD IG component reasonably likely to have records responsive to the request because DCIS is the only DoD IG component that conducts criminal investigations or maintains records of criminal investigations conducted by DoD IG." (Doc. 13, Ex. 1, ¶¶ 13-14.) The DoD may carry its burden of demonstrating the adequacy of its search through affidavits or declarations "that provide reasonable detail of the scope of the search," as long as there is no "countervailing evidence or apparent inconsistency of proof." *Rugiero v. U.S. Dept. of Justice*, 257 F.3d 534, 547 (6th Cir. 2001) (citation omitted). Mr. Simbaqueba does not provide any evidence or even a belief as to why any other components of DoD would be reasonably likely to have records responsive to his request.

Mr. Simbaqueba also argues that DoD failed to conduct an adequate search because it searched only for the name "Simbaqueba" and not all of his aliases. (Doc. 23 at 23.) In support of that argument, he attaches a declaration by a FOIA specialist with the Office of Professional Responsibility ("OPR"). (Doc. 23, Ex. F.) That declaration explained that Mr. Simbaqueba sent a FOIA request to OPR seeking information about individuals other than himself and that OPR explained that such records were exempt from disclosure under FOIA and that the Privacy Act prohibited federal agencies from disclosing any record to any individual other than the individual to whom the record pertains. In connection with that request, OPR declared "[b]ecause the matter is now in litigation, and in the event that the Plaintiff's request be construed as a request for records pertaining to himself, OPR has searched its system of records for records pertaining to the Plaintiff." In completing this search, it searched two databases using the names "Simbaqueba," "Bonilla," and "Simbaqueba-Bonilla" in one of the search fields and it found no responsive documents.

The fact that OPR used two additional search terms does not make DCIS's search inadequate here. First, unlike OPR, which was searching for records of complaints that might have been filed with OPR by Mr. Simbaqueba, DCIS was searching for criminal investigation records that were entered into the database by DCIS Special Agents, who are "required to input data to [that database] in the case opened in the name of the subject or co-subjects, from the

6

receipt of the initial allegation, through case development, final case termination, and closing." (Mot. Summ. J., Ex. 1.) Second, DCIS's search successfully located the case file for Mr. Simbaqueba. Furthermore, in this case, Mr. Simbaqueba's FOIA request states that it is regarding "Mario Alberto Simbaqueba," it is signed by "Mario Alberto Simbaqueba," it is notarized on behalf of "Mario Alberto Simbaqueba," and the certification of identity attached to the FOIA request identifies the "Full Name of Requestor" as "Mario Alberto Simbaqueba." (Doc. 13-1, Attachment A.) While the return address on the top of Mr. Simbaqueba's FOIA request has the name "Mario Alberto Simbaqueba Bonilla," the certification of identity form expressly states that the Privacy Act seeks to prevent wrongful disclosure of records and accordingly, "[f]ailure to furnish [the information requested in the form] will result in no action being taken on the request." (*Id.*) "[A]n agency 'is under no obligation to search its records for information regarding any names other than' the one submitted by the requester." *Contreras v. U.S. Dep't of Justice*, 729 F. Supp. 2d 167, 171 (D.D.C. 2010) (quoting *Kidder v. FBI*, 517 F. Supp. 2d 17, 23 (D.D.C. 2007)). Accordingly, there is no clear error of law in the Court's conclusion that the DoD's search was adequate.

In addition to his new legal arguments, Mr. Simbaqueba argues for discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. (Doc. 20.) This Court previously denied that request based on the record before it (Doc. 24), but will now consider the request for discovery in light of Mr. Simbaqueba's additional filings. The Court of Appeals has discussed the bases for permitting discovery in FOIA cases and describes them as follows:

> Procedurally, district courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery. *Jones v. FBI*, 41 F.3d 238, 242 (6th Cir.1994). This posture creates a situation in which a plaintiff must argue that the agency's withholdings exceed the scope of the statute, although only the agency is in a position to know whether it has complied with the FOIA unless the court reviews a potentially massive number of documents in camera. *Id*. . . . Ordinarily, the agency may justify its claims of exemption through detailed affidavits, which are entitled to a presumption of good faith. *Jones*, 41 F.3d at 242 (citing *United States Dep't of State v. Ray*, 502 U.S. 164, 179, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991)). Evidence of bad faith on the part of the agency can overcome this presumption, even when the bad faith concerns the underlying activities that generated the FOIA request rather than the agency's conduct in the FOIA action itself. *Id*. at 242-43. Unless evidence contradicts the government's affidavits or

> establishes bad faith, the court's primary role is to review the adequacy of the
> affidavits and other evidence. *Ingle*, 698 F.2d at 265 (quoting *Cox v. United States
> Dep't of Justice*, 576 F.2d 1302, 1312 (8th Cir.1978)); *Silets v. United States
> Dep't of Justice*, 945 F.2d 227, 231 (7th Cir.1991) (citing *Kimberlin v.
> Department of Treasury*, 774 F.2d 204 (7th Cir.1985)). "If the Government fairly
> describes the content of the material withheld and adequately states its grounds for
> nondisclosure, and if those grounds are reasonable and consistent with the
> applicable law, the district court should uphold the government's position." *Ingle*,
> 698 F.2d at 265 (quoting *Cox*, 576 F.2d at 1312).

*Rugiero v. U.S. Dept. of Justice*, 257 F.3d 534, 544 (6th Cir. 2001). Accordingly, the question before the Court is whether there is evidence of bad faith on the part of the DoD that would overcome the presumption of good faith.

While not linking it to a request for discovery, Mr. Simbaqueba argues that the DoD acted in bad faith by failing to alert the Court of his February 29, 2012 motion that was sent to DoD without being filed. (Doc. 23 at 24-26.) The following facts are not in dispute: Mr. Simbaqueba mailed the February 29, 2012 motion to the DoD; he did not mail it to the clerk's office; on March 14, 2012 the Court granted the DoD's motion for summary judgment; on March 16, 2012 Mr. Simbaqueba filed a Supplement to Nunc-Pro-Tunc Motion for Continuance in which he explained that he mailed the February 29, 2012 motion that is not reflected on the docket; and on March 19, 2012 the DoD filed an opposition to that motion in which it explained that it received the February 29, 2012 motion that Mr. Simbaqueba "apparently failed to file." While Mr. Simbaqueba argues that the DoD acted in bad faith, the Court cannot draw that conclusion from the evidence. Rather, it is equally possible that the DoD, which had no obligation to check to see if Mr. Simbaqueba's filings appeared on the docket, did not realize that the February 29, 2012 motion had not been filed until it read Mr. Simbaqueba's supplement to that motion. Furthermore, the DoD certainly acted with candor when three days after Mr. Simbaqueba filed that supplement to the motion, the DoD filed an opposition acknowledging that it received the February 29, 2012 motion and providing it to the Court along with the attached declaration. The evidence does not justify a finding of bad faith on the part of the DoD. Mr. Simbaqueba also cites to cases holding that discovery may be allowed if there is a question of the adequacy of the agency's search. However, since the DoD satisfied its burden to demonstrate the adequacy of its

search, that issue is not before the Court. Therefore, there is no basis for granting Mr. Simbaqueba's request for discovery.

## IV.  DISPOSITION

Based on the foregoing, Mr. Simbaqueba's motion for reconsideration (Doc. 20), motion to alter or amend decision and judgment (Doc. 23), and motion for extension of time (Doc. 26) are **DENIED**.

Mr. Simbaqueba's motion to clarify the March 29, 2012 Order (Doc. 25) is **DENIED** as moot.

**IT IS SO ORDERED.**

/s/   George C. Smith
GEORGE C. SMITH
UNITED STATES DISTRICT JUDGE